Timothy B. Sottile, SBN 127026
*TSottile@SottileBaltaxe.com*
Michael F. Baltaxe, SBN 129532
*MBaltaxe@SottileBaltaxe.com*
Nicole C. Burgos Romero, SBN 340942
*nburgos@SottileBaltaxe.com*
Charles Casado, SBN 342743
*ccasado@SottileBaltaxe.com*
**SOTTILE BALTAXE**
28632 Roadside Drive, Suite 100
Agoura Hills, CA 91301
Tel: 818.889.0050  Fax: 818.889.6050

Kathleen A. Brewer, SBN 155688
*kab@brewerlawoffice.com*
**BREWER LAW OFFICE**
2945 Townsgate Road, Suite 200
Westlake Village, California 91361
Tel: 805.719-2731  Fax: 805.980.5789

Attorneys for Plaintiffs
(Individually and on behalf of all others similarly situated)

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| JORGE AVALOS, ARMANDO SOTO, JESUS OROZCO, HECTOR GARCIA, GERARDO ZENDEJAS, JAIME GARCIA, <br><br> Plaintiffs, <br><br> vs. <br><br> G.I. INDUSTRIES, dba WASTE MANAGEMENT, a corporation, WASTE MANAGEMENT, INC., a corporation, WM RESOURCES, INC.,  a corporation, <br><br> and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT FOR: <br><br> 1.  Failure to Pay Overtime Compensation [Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*] <br> 2.  Failure to Provide Meal Breaks or Premium Pay [California Labor Code §§ 226.7, 512] <br> 3.  Failure to Provide Accurate Wage Statements [California Labor Code § 226] <br> 4.  Failure to Timely Pay Wages [California Labor Code § 204b] <br> 5.  Failure to Timely Pay Wages on Termination of Employment [California Labor Code §§ 201, 202] <br> 6.  Unlawful Competition [Cal. Bus. & Prof. Code § 17200, *et seq.*] <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs, Jorge Avalos, Armando Soto, Jesus Orozco, Hector Garcia, Gerardo Zendejas and Jaime Garcia, individually and on behalf of all persons similarly situated, file this collective and class action seeking all available relief under the Fair Labor Standards Act (FLSA), the California Labor Code and the California Business and Professions Code. Plaintiffs bring their FLSA claim as an "opt-in" collective action and their state law claims as a Rule 23 "opt-out" class action.

## JURISDICTION AND VENUE

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and under California law. Jurisdiction exists pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

2. Venue is proper in the Central District under 28 U.S.C. § 1391(b)(2) because the events complained of herein all occurred within this district.

## NATURE OF CASE

3. Plaintiffs seek relief on a collective and class-wide basis challenging Defendants' policy and practice of paying their truck drivers straight time, rather than time-and-a-half, for all hours worked over 40 per week, as required by the FLSA, and Defendants' policy and practice of failing to provide proper meal breaks, as required by California law. Plaintiffs are or were employed by Defendants as hourly truck drivers and regularly worked shifts of ten, twelve or more hours per day and regularly worked more than 40 hours per week during the relevant time period. Defendants' unlawful practices resulted in Defendants failing to: (a) pay overtime compensation at the rate required by the FLSA; (b) provide second meal periods during a ten-hour shift; (c) pay one hour of premium pay for each day in which a meal break was not provided; (d) provide accurate earnings statements; (e) pay all compensation due in a timely manner; and (f) pay separating employees all wages due at the time of separation. By engaging in these

COMPLAINT

practices, Defendants benefitted financially to the significant detriment of both the drivers who worked for them and the marketplace in which Defendants competed.

4. During the relevant time period, Defendants employed other truck drivers, in addition to the named Plaintiffs, who also worked over 40 hours per week on a regular basis without being paid at 1.5 times their regular rate of pay for their overtime hours and regularly worked ten-hour shifts without receiving a second meal break. Those drivers are similarly situated to Plaintiffs and comprise the FLSA Collective and the Rule 23 Class and Subclass defined in this Complaint.

**THE PARTIES**

5. Plaintiff Jorge Avalos is an individual residing in Ventura County. Avalos has been employed by Defendants as a truck driver since August 2017 and is currently so employed.

6. Plaintiff Armando Soto is an individual residing in Ventura County. Soto has been employed by Defendants as a truck driver since 1984 and is currently so employed.

7. Plaintiff Jesus Orozco is an individual residing in Ventura County. Orozco has been employed by Defendants as a truck driver since 1990 and is currently so employed.

8. Plaintiff Hector Garcia is an individual residing in Ventura County. Hector Garcia has been employed by Defendants as a truck driver since 1988 and is currently so employed.

9. Plaintiff Gerardo Zendejas is an individual residing in Ventura County. Zendejas has been employed by Defendants as a truck driver since 2006 and is currently so employed.

10. Plaintiff Jaime Garcia is an individual residing in Ventura County. Jaime Garcia was employed by Defendants as a truck driver from 1998 until September 4, 2021.

11. Defendant G.I. Industries dba Waste Management ("GI Industries") is a corporation organized under the laws of Utah with its principal place of business in Houston, Texas, and regularly

3

**COMPLAINT**

conducts its business operations in Ventura and Los Angeles Counties, California. GI Industries is a direct or indirect subsidiary of Waste Management, Inc.

12. Defendant Waste Management, Inc. ("WMI") is a corporation organized under the laws of Delaware with its principal place of business in Houston, Texas, and regularly conducts its business operations throughout California, including in Ventura and Los Angeles Counties.

13. Defendant WM Resources, Inc. ("WM Resources") is a corporation organized under the laws of Pennsylvania with its principal place of business in Houston, Texas, and regularly conducts business throughout California, including in Ventura and Los Angeles Counties. WM Resources is a direct or indirect subsidiary of WMI.

14. All Defendants operate under the name, "Waste Management." Defendants are collectively referred to herein as "Waste Management" or "Defendants."

15. Plaintiffs are unaware of the true identity, nature, and capacity of each of the Defendants identified herein as a DOES 1 through 50, inclusive, and therefore sues said Defendants by fictitious names. Each of the Defendants so designated is in some manner responsible for the damages and injuries alleged in this Complaint, and was the managing agent, employee, agent and/or representative of the other Defendants and was acting with the knowledge and consent of each other Defendant and within the purpose and scope of such employment, agency or representation in doing or failing to do the things alleged in the Complaint. Upon learning the true identity, nature and capacity of the DOE Defendants, Plaintiffs will amend this complaint to allege their true names and capacities.

16. Each Defendant employs individuals engaged in commerce and/or who handle or otherwise work on or utilize goods or materials that have been moved in or produced in commerce, making each Defendant a covered employer under the FLSA. The annual gross volume of each Defendant's

**COMPLAINT**

business exceeds $500,000. No Defendant is an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3)

17. During all relevant times, Plaintiffs and the similarly situated drivers were jointly employed by all Defendants in that, among other things:

    a)  GI Industries runs the day-to-day operation for which Plaintiffs and the other drivers perform services, and GI Industries holds itself out as the drivers' joint employer.

    b)  WMI holds itself out as the drivers' joint employer, exercises complete control over the general operations of GI Industries, and exercises direct and indirect control over all aspects of Plaintiffs' and the other drivers' employment, including control over wages, hours, benefits, job functions, safety, workplace rules, working conditions and payroll processes. WMI sets virtually all employment-related policy for Plaintiffs and the other drivers and makes decisions regarding the drivers' meal breaks and rates of overtime pay.

    c)  WM Resources holds itself out as a joint employer of Plaintiffs and the other drivers by, among other things, designating itself as the drivers' joint employer on forms filed with the IRS.

18. All Defendants, including those designated as DOE, were at all times material hereto the agents, servants or alter egos of the other Defendants. In doing the things hereinafter alleged, each Defendant was acting within the course and scope of such relationship. Each Defendant ratified, endorsed and/or directly participated in the wrongful conduct alleged in this Complaint. Each Defendant is directly responsible for the acts alleged herein and is liable under the doctrines of agency, vicarious liability, respondiat superior, successor liability, joint employer liability, joint and several liability and/or alter ego.

**COMPLAINT**

19. In committing the acts described in this Complaint, each Defendant knew that its conduct was illegal, and acted with a conscious disregard for the unlawfulness of that conduct, the rights of Plaintiffs, and the harm its actions would bring upon Plaintiffs and the other drivers. At all relevant times, Defendants knew that the FLSA required them to pay drivers time-and-a-half for all hours worked over 40 per week. Defendants intentionally, and with reckless disregard for their obligations under law, adopted a policy and practice of refusing to pay the overtime rate required by the FLSA. Defendants also knew that California law required them to provide drivers with a second 30-minute meal period when the drivers worked a 10-hour shift and to pay drivers an hour of compensation each day they were denied an opportunity to take a compliant meal break ("premium pay"). Defendants intentionally, and with reckless disregard for their obligations under law, adopted a policy and practice of refusing to provide the required meal periods or the premium pay.

20. The decisions to force Plaintiffs and the other drivers to work overtime, to pay drivers less than the legally required overtime rate, and not to provide compliant meal periods or premium pay were made by WMI and carried out, pursuant to WMI's directives, by the subsidiary Defendants.

21. Waste Management (including all Defendants) is a California employer covered by both the FLSA and all provisions of the California Labor Code that are pertinent to this action.

22. Plaintiffs file this suit individually and as representatives of all similarly situated drivers who were employed by Defendants during the time period relevant to this Complaint. All Plaintiffs have consented in writing to joining this lawsuit as plaintiffs. The written Consents to Join Action, in Spanish and in English, for the following Plaintiffs are attached hereto: Jorge Avalos (Exhibit A), Armando Soto (Exhibit B), Jesus Orozco (Exhibit C), Hector Garcia (Exhibit D) and Gerardo Zendejas (Exhibit E). Additional Consents to Join Action will be filed.

**COMPLAINT**

**GENERAL FACTUAL ALLEGATIONS**

23. Waste Management is in the business of providing waste collection services for residential and commercial customers throughout the United States. Plaintiffs and all similarly situated drivers are or were employed by Defendants as nonexempt hourly truck drivers performing services for Defendants in Ventura and Los Angeles Counties and working out of Defendants' facility located at 195 W. Los Angeles Avenue, Simi Valley, California ("Simi Valley Facility"). All driving performed by Plaintiffs and the similarly situated drivers is, and at all relevant times was, done strictly within California. The driving job consists primarily of driving trucks from the Simi Valley Facility to the homes and businesses of Waste Management's customers located in Ventura and Los Angeles Counties, collecting trash from those homes and businesses, and disposing of the collected trash in local sites owned by Waste Management.

24. Plaintiffs and the other drivers are covered by the FLSA's overtime requirements and are entitled to protection under both the FLSA and the California labor laws invoked herein.

25. During the time period relevant to this action, Plaintiffs and similarly situated drivers routinely worked at least 10 hours per day and more than 40 hours per week. More specifically, during the relevant time period, Plaintiffs and the other drivers typically worked a daily shift of 10-12 hours, regularly worked 6 days per week, and averaged at least 16-21 hours of overtime each week. During the relevant time period, Waste Management maintained a strict policy and practice of paying its drivers straight time for the overtime hours they worked, rather than 1.5 times their regular rate of pay as required by the FLSA. Under company policy, Plaintiffs and the other drivers lost at least one half-hour of pay for each hour of overtime they worked.

26. Under its timekeeping practices, Waste Management tracked and recorded the hours each driver worked each week. Waste Management, including its human resources and legal departments,

**COMPLAINT**

was well aware of its obligations to pay overtime under the FLSA and knew that Plaintiffs and the other drivers worked overtime virtually every week. Knowing that the FLSA required it to pay 1.5 times the regular rate for those overtime hours, Waste Management instead chose to compensate overtime hours at the regular rate.

27. Waste Management acted willfully and/or with reckless disregard of the applicable FLSA provisions when it failed and refused to properly compensate Plaintiffs and the other drivers for hours worked in excess of forty (40) during the workweek. Waste Management's unlawful practice, which constituted wage theft, heaped a great financial benefit on Waste Management while depriving drivers of their earned pay. Plaintiffs and the other drivers worked a physically grueling job for long hours and modest pay. Waste Management compelled these drivers to work well above the five eight-hour days that comprise a "regular" workweek while refusing to compensate them for that extra time in an amount required by law. The company benefitted. The drivers suffered.

28. During the relevant time period, Waste Management maintained a meal break policy under which drivers were not permitted to take a second 30-minute meal when they worked a 10-hour shift. Pursuant to Waste Management's policy, drivers were not compensated for the hardship of working without proper meal breaks. In particular, drivers were not paid one hour of "premium pay" for each day they were denied a compliant meal break, as required by California Labor Code section 226.7, subdivision (c).

29. During the relevant time period, under Waste Management's payroll practices, drivers were paid on a weekly basis. Each driver received a weekly earnings statement that set forth a number of hours characterized as the "regular" hours worked during the pay period and a number of hours characterized as "overtime." The earnings statements contained a number of critical

**COMPLAINT**

inaccuracies. For example, pursuant to Waste Management's payroll policy, each driver's earnings statement listed the hours worked up to and including 48 per week as "regular" hours, paid at the "regular" rate, and the hours worked over 48 per week as "overtime" hours, also paid at the "regular" rate. Additionally, the earnings statements did not reflect the premium pay owed to drivers for each day during the payroll period on which they were deprived of a compliant meal break. By omitting and inaccurately stating key payroll information, the earnings statements were fatally misleading and left drivers unable to determine whether they had been properly paid.

30. During the time period relevant to this Complaint, the employment of numerous drivers ended. Plaintiff Jaime Garcia, for example, worked for Defendants from 1998 until September 2021. All such drivers regularly worked more than 40 hours per week and were not paid for overtime at the legally required rate. All such drivers were denied compliant meal breaks when they worked a 10-hour shift and were denied premium pay for those missed breaks. All such drivers were entitled to be paid all compensation owed them, including overtime compensation at the legal rate and premium pay, at the time of their separation. Neither Plaintiff Jaime Garcia nor the similarly situated drivers whose employment ended were paid all compensation due them at the time their employment ended or at any time thereafter.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring the First Claim for Relief (Violation of the FLSA) individually and as a collective action on behalf of the following group of similarly situated employees pursuant to 29 U.S.C. § 216(b):

> All individuals who were employed by Defendants as truck drivers
>
> working out of Defendants' Simi Valley Facility ("Simi Valley

**COMPLAINT**

Drivers") at any time during the three years prior to March 27, 2022 and subject to any equitable tolling of the limitation period (the "FLSA Collective").

32. Plaintiffs may redefine the FLSA Collective prior to notice or certification, and thereafter, as necessary.

33. The claims of the named Plaintiffs typify the claims of the FLSA Collective. All claims are brought under the FLSA for Defendants' failure to pay overtime compensation at the legally required rate. The job duties of the named Plaintiffs and the FLSA Collective are substantially the same, their hourly rates of pay are similar, their employment circumstances are the same or similar, and they all work in the same location. The named Plaintiffs and the FLSA Collective have suffered the effects of a common, uniform policy and practice by which Defendants deny their truck drivers overtime compensation at 1.5 times their regular rate of pay. The named Plaintiffs will fairly and adequately protect the interests of the FLSA Collective because they have a united interest in receiving all wages they are due under the FLSA.

34. Defendants employ and have employed numerous drivers similarly situated to the named Plaintiffs who have been denied legally required overtime compensation in violation of the FLSA. The number and identity of similarly situated drivers yet to opt in may be determined from the records of Defendants, and such drivers may be easily and quickly notified of the pendency of this action.  These individuals would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join this action.

**CLASS ACTION ALLEGATIONS**

35. Plaintiffs bring the Second, Third, Fourth, Fifth and Sixth Claims for Relief as an "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs bring these claims on

10

**COMPLAINT**

behalf of themselves and all other similarly situated individuals. The class represented by Plaintiffs is defined initially as follows:

> All individuals who are currently or were formerly employed by Defendants as truck drivers working out of Defendants' Simi Valley Facility ("Simi Valley Drivers") at any time during the four years prior to March 27, 2022 (the "Class Period") and subject to any equitable tolling of the limitation period ("the Plaintiff Class" or "the Class").

36. Plaintiffs' proposed subclass is defined as follows:

> Waiting Time Subclass: All members of the Plaintiff Class whose employment with Defendants ended during the Class Period and who did not receive their full overtime pay within the time limits required by California Labor Code section 201 or 202.

37. This Class Action is based on particular uniform policies and practices adopted by Defendants for the payment of wages and the provision of meal breaks and earnings statements to their truck drivers. All members of the Class are entitled to timely overtime pay, second meal periods when working 10-hour shifts, premium pay for denied meal breaks, accurate wage statements, liquidated damages, penalties, interest, injunctive and other equitable relief, and attorneys' fees and costs as provided by applicable law.

38. Numerosity: Plaintiffs are informed and believe and thereon allege that the Class Members exceed one hundred and therefore are so numerous as to make it impracticable to bring them all before this Court as individual plaintiffs.

**COMPLAINT**

39. Means of Identifying the Class: The Class and Subclass Members can easily be identified through Defendants' payroll records. Plaintiffs are informed and believe and thereon allege that payroll is centrally processed through Defendants' office in Houston, Texas. Members of the Waiting Time Subclass can be readily identified through Defendants' payroll records and/or through personnel records that reflect the employment end dates of subclass members. Plaintiffs are informed and believe and thereon allege that all such records are maintained at Defendants' office in Houston, Texas.

40. Common Questions Predominate the Class: The rights that Plaintiffs seek to vindicate through this action are common to all Class Members. Questions of law and fact presented in this case are common to all Class Members and predominate over any questions that pertain only individual class members. The common questions of law and fact include, but are not limited to, the following:

    i.    Whether Defendants violated the FLSA, and, therefore, California Business and Professions Code section 17200, *et seq.* by establishing a corporate policy and practice of paying truck drivers at their regular rate of pay for overtime, rather than 1.5 times their regular rate of pay;

    ii.    Whether Defendants violated the California Labor Code by failing to pay Class Members all overtime compensation due them by the next regular payday following the payroll period in which the compensation was earned;

    iii.    Whether Defendants violated the California Labor Code by failing to provide Class Members with a second 30-minute meal break when they worked a 10-hour shift;

**COMPLAINT**

iv.     Whether Defendants violated the California Labor Code by failing to pay Class Members one hour of premium pay for each day on which they were denied a compliant meal break;

v.      Whether Defendants violated the California Labor Code by failing to provide Class Members with legally compliant wage statements;

vi.     As to the Waiting Time Subclass, whether Defendants violated the California Labor Code by failing to pay all overtime wages owed upon termination of employment;

vii.    Whether Defendants' wage and hour violations constituted a violation California Business and Professions Code section 17200, *et seq*.;

viii.   Facts pertaining to Defendants' practices, policies, decision-making, and protocols regarding payment of wages for all overtime hours worked by their drivers;

ix.     Facts pertaining to Defendants' practices, policies, decision-making, and protocols regarding the provision of meal breaks to their drivers;

x.      Facts pertaining to the level of control exercised by each Defendant over Class Members' employment and by WMI over the employment-related practices and policies in which the other Defendants engaged;

xi.     Facts pertaining to the willfulness of Defendants' actions, including facts relating to the knowledge possessed by Defendants' managing agents about FLSA requirements and applicability;

xii.    The nature and amount of relief due Class Members, including damages, penalties and other relief under the California Labor Code, and injunctive or other equitable relief under Business and Professions Code section 17200, *et seq*.

**COMPLAINT**

41. Typicality: Plaintiffs' claims are typical of the claims of all Class Members. Plaintiffs and Class members were subject to the same unlawful employment practices, sustained the same type of injuries and seek the same type of relief.

42. Adequacy of Representation: Plaintiffs are Class Members who have no interests adverse to or in conflict with those of the class, and Plaintiffs will fairly and adequately represent and protect the interests of Class Members. Counsel representing Plaintiffs have the skills, experience and resources necessary to prosecute this case through trial.

43. Superiority: Adjudicating this case as a class action is superior to other available means for the fair and efficient adjudication of this dispute. Individualized litigation of the Class Members' claims, which involve virtually identical factual and legal issues, would increase delay and impose excess burdens on the parties and the judicial system, particularly this district. On the other hand, adjudicating these issues in a single class lawsuit would relieve those burdens, streamline the litigation and avoid potentially inconsistent results that could harm the drivers and be confusing for Defendants to implement. Management of the individual lawsuits, especially when compared to the ease with which the issues can be litigated as class action.

44. Manageability: This class action will be manageable because the issues presented are common to Class Members across the board, with only the additional issue of separation and waiting time penalties relevant to the Waiting Time Subclass. The same evidence and type of evidence pertaining to corporate behavior, payroll practices, company policy, job functions, and hours worked will be common to all claims.

**COMPLAINT**

## FIRST CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act
(All Plaintiffs and the FLSA Collective Against All Defendants)

45. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

46. The FLSA, in 29 U.S.C. § 207(a), forbids covered employers from requiring employees to work more than forty (40) hours in a workweek unless the employer pays such employees at a rate of not less than one and one-half times the employees' regular rate of pay.

47. Defendants are, and at all relevant times were, subject to the FLSA's overtime requirements as employers within the meaning of 29 U.S.C. § 203(d). Although Plaintiffs and the FLSA Collective members drive strictly within California, and do not engage in interstate commerce, they utilize equipment that has been moved in or produced through interstate commerce. Defendants employ other individuals who are engaged in interstate commerce and/or who handle, work on or utilize goods or materials that have been moved in or produced through interstate commerce.

48. Defendants' compensation practices and policies, as described in this Complaint, failed to comply with the overtime requirements of 29 U.S.C. § 207(a). By engaging in those practices and implementing those policies, Defendants violated the FLSA. In particular, Defendants failed and refused to pay Plaintiffs and the FLSA Collective members 1.5 times their regular pay for all hours worked in excess of forty (40) per week.

49. Defendants further failed to make and keep proper payroll records with respect to Plaintiffs and the FLSA Collective by stating in those records an incorrect rate of overtime compensation. In so doing, Defendants violated the recordkeeping requirements of the FLSA. See, for example, 29 U.S.C. § 516.2(a).

15

**COMPLAINT**

50. Defendants also violated the FLSA's Time of Payment requirements by failing to pay Plaintiffs and the FLSA Collective their earned overtime compensation on the regular pay day for the period in which that compensation was earned. See, for example, 29 U.S.C. § 778.106.

51. In violating the FLSA, Defendants acted will full knowledge of the FLSA's overtime requirements and the applicability of those requirements to Plaintiffs and the FLSA Collective. Defendants acted willfully and with reckless disregard of their duties under the FLSA. Defendants committed these violations in order to reap a financial benefit—the millions of dollars in earned wages they withheld from their drivers.

52. Under the FLSA, Defendants are liable to Plaintiffs and the FLSA Collective for all unpaid overtime compensation, liquidated damages (including, but not limited to, damages under 29 U.S.C. § 216(b)), interest, costs, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**Violation of California Labor Code §§ 226.7 and 512**
(All Plaintiffs and Class Members Against All Defendants)

53. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

54. At all relevant times, California Labor Code sections 226.7 and 512 required Defendants to provide 30-minute meal periods to their nonexempt, hourly employees. Under these statutes, employers may not require employees to work a 10-hour shift without providing a 30-minute off-duty meal period during the first 5 hours and a second 30-minute off-duty meal period before the end of the 10th hour.

55. During the time relevant to this Complaint, Defendants enforced a company meal break policy under which drivers were not permitted to take a second meal break unless they worked a 12-

**COMPLAINT**

hour shift.[1] Contrary to the requirements of California law, Defendants did not allow drivers to take a second 30-minute off-duty meal period before the end of the 10th hour of their workday. Defendants' meal break policy violated Labor Code sections 226.7 and 512 and IWC Wage Order No. 9 (which is applicable to commercial truck drivers, including Plaintiffs and Class Members).

56. Under Labor Code section 226.7, subdivision (c), an employer who fails to provide a required meal break must pay the deprived employee one hour of pay at the employee's regular rate for each workday in which the meal break is not provided. This "premium pay" constitutes wages and is designed to, among other things, compensate employees for the hardship of being required to work long hours without a proper meal break. Defendants did not pay Plaintiffs or the Class Members that one hour of premium pay when they failed to provide a statutory meal break.

57. All relevant times, Defendants knew their obligations to provide their drivers with meal breaks that complied with California law and to compensate drivers with premium pay when denying them a break. Defendants knew their drivers were working 10-hour shifts without a second meal break and, in fact, required drivers to do so. Defendants knowingly and willfully refused to provide compliant breaks or pay required premium compensation.

58. At no time relevant to this Complaint were Plaintiffs or other Class Members subject to a valid Collective Bargaining Agreement within the meaning of Labor Code section 512, subdivision (e).

---

[1] Even the break provided for a 12-hour shift was more theoretical than actual. Because the site where the drivers unloaded the collected trash closed at a certain time, drivers were normally not able to take a second a meal break at or near the 12-hour mark and still arrive at the dumping site before closing.

**COMPLAINT**

59. Pursuant to Labor Code § 558, Defendants' meal break violations subject them to liability for nonpayment of wages in addition to civil penalties.

60. Plaintiffs and Class Members are entitled to an award of damages, including, but not limited to, amounts recoverable under Labor Code sections 226.7, subdivision (c) and 558, subdivision (a) and all other available penalties and relief, plus interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### Violation of California Labor Code § 226
(All Plaintiffs and Class Members Against All Defendants)

61. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

62. At all times relevant to this Complaint, California Labor Code section 226 required Defendants to provide all California employees with an itemized statement every payday that accurately showed gross wages earned, net wages earned, the name and address of the employing entity, all applicable hourly rates of pay and the corresponding number of hours worked at each rate, and other specified information.

63. During all times relevant to this Complaint, Defendants failed to furnish Plaintiffs and Class Members with earnings statements that complied with section 226. Inaccuracies in the wage statements included, among other things: erroneously characterizing hours worked between 40 and 48 per week as "regular" hours; stating an inaccurate rate of pay for the overtime hours each driver worked; failing to include the premium pay owed under Labor Code section 226.7; and misstating the gross and net earned pay. Plaintiffs are informed and believe and thereon allege that the wage statements provided to Class Members were inaccurate in a number of additional ways, to be ascertained through discovery.

64. Defendants' violations of Labor Code section 226 were knowing and intentional.

18

**COMPLAINT**

65. Plaintiffs and the other Class Members suffered injury as a result of Defendants' violations of Labor Code section 226 in that, among other detriment, they were misinformed as to the amount of compensation due them and were unable to easily ascertain the actual pay earned during any given pay period.

66. As a result of Defendants' violations of Labor Code section 226, Class Members are entitled to an award of damages (including the amounts specified in section 226, subdivision (e)), interest, penalties, injunctive and other equitable relief, attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF
### Violation of California Labor Code § 204b
(All Plaintiffs and Class Members Against All Defendants)

67. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

68. Under California Labor Code section 204, employers who adopt a weekly pay period must: a) designate a particular day as a regular payday; and b) on the regular payday, pay employees all compensation earned during the calendar week prior to the regular payday.

69. Defendants adopted a weekly pay schedule for Plaintiffs and the other Class Members, designated Friday as the regular payday, and generally provided paychecks on Fridays for work performed through the previous Saturday. However, Defendants did not include in the weekly paychecks all overtime compensation earned by the drivers or the premium pay due drivers who were denied compliant meal breaks. Thus, at all times relevant to this Complaint, Defendants failed to pay Plaintiffs and Class Members all compensation to which they were legally entitled on or before the designated payday for the payroll period in which the compensation was earned.

70. The failure of Defendants to timely pay all earned compensation was part of Defendants' established employment policy and was done in violation of Labor Code section 204b.

**COMPLAINT**

71. Accordingly, Plaintiffs and Class Members are entitled to recover from Defendants unpaid wages (all amounts withheld), premium pay, penalties (including, but not limited to, penalties under Labor Code section 210, subdivision (a)) liquidated damages (including, but not limited to, 25% of the amounts withheld pursuant to Labor Code section 210, subdivision (a)(2)), interest, costs and attorney fees, as well as injunctive and other equitable relief.

**FIFTH CLAIM FOR RELIEF**
**Violation of California Labor Code §§ 201 and 202**
(Plaintiff Jaime Garcia and Waiting Time Subclass Against All Defendants)

72. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

73. At all times relevant to this Complaint, Labor Code sections 201 and 202 applied to Defendants' employment of Plaintiff Jaime Garcia and the entire Waiting Time Subclass. Under Labor Code section 201, employers who discharge employees must pay all earned and due wages, including overtime and premium pay, at the time of the discharge. Under Labor Code section 202, employers must pay, to employees who voluntarily resign, all earned and due wages, including overtime and premium pay, with 72 hours of the resignation (or at the time of the resignation if the employee provided 72 hours' notice of the intent to resign).

74. Plaintiff Jaime Garcia and members of the Waiting Time Subclass resigned or were discharged during the Class Period and were not paid all wages due them at the time of discharge or within 72 hours after resigning. In particular, Defendants failed to pay Plaintiff and the Subclass their earned and unpaid overtime compensation or the premium pay due under Labor Code section 226.7, subdivision (e) for missed meal breaks. Defendants' failure to pay all wages due at the time of the drivers' discharge or resignation constituted a violation of sections 201 and 202.

75. Defendants' violations of Labor Code sections 201 and 202 were done willfully.

**COMPLAINT**

76. Plaintiffs Jaime Garcia Diaz and the other members of the Waiting Time Subclass were injured by Defendants' failure to timely pay them in that, among other things, they have long been deprived of monies that belong to them and have lost the use to which those monies could have been put.

77. Accordingly, Plaintiff and the Subclass are entitled to an award of damages, including, but not limited to, amounts recoverable under Labor Code section 203, interest, attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### Violation of California Business and Professions Code § 17200, *et seq.*
(All Plaintiffs and Class Members Against All Defendants)

78. Plaintiffs reallege and incorporate the allegations set forth in all preceding paragraphs as though fully set forth hereat.

79. At all times relevant to this Complaint, Plaintiffs were protected by, and Defendants were subject to, California's law against unfair competition ("UCL"), codified in Business and Professions Code section 17200, *et seq.* The UCL prohibits unfair competition, which includes any unlawful, unfair or fraudulent business practice or act. Under the UCL, the violation of virtually any law or regulation—federal or state, statutory or common law—can constitute a UCL violation. Further, it is the public policy of California to both protect employees from wage theft and to protect employers who comply with wage and hour laws against a competitive edge gained by employers who do not comply. See, for example, Labor Code section 90.5, subdivision (a). Employer violations of labor laws, including the FLSA, are actionable as acts of unlawful/unfair competition. Business and Professions Code section 17204 allows any person who has suffered injury and has lost money or property as a result of unfair competition to prosecute a civil action for the UCL violation(s).

80. The acts of Defendants alleged in this Complaint, including, but not limited to, Defendants' violations of the FLSA (including 29 U.S.C. § 207(a)) and the California Labor Code (including, but not limited to, sections 201, 202, 204b, 226.7 and 512) constituted unlawful, unfair and fraudulent business acts and practices in violation of the UCL.

81. Plaintiffs and Class Members suffered injury-in-fact and lost money as a result of Defendants' acts of unlawful and unfair competition. For example, Plaintiffs and Class Members lost years of overtime compensation they earned, they were forced to work prolonged shifts without proper breaks, and they lost premium pay they were owed when not provided with meal breaks.

82. By means of unlawful and unfair competition, Defendants have acquired money in the form of unpaid compensation earned by, and unpaid premium pay due, Plaintiffs and Class Members.

83. Plaintiffs and Class Members are entitled to restitution of all wages and premium pay wrongfully withheld and to other equitable relief, including declaratory relief and an injunction requiring Defendants to cease engaging in wage practices that constitute unlawful competition. Without obtaining such relief, Plaintiffs and the other Class Members will continue to suffer irreparable harm, including loss of use of funds belonging to them, for which no adequate legal remedy is available. An actual, present controversy exists between Plaintiffs and Defendants concerning the facts alleged in this Sixth Claim for Relief.

84. Therefore, on behalf of themselves and those similarly situated, Plaintiffs seek restitution of wrongfully withheld wages, premium pay, and the value of benefits denied them by Defendants. Pursuant to Business and Professions Code section 17205, this Claim for Relief seeks remedies and penalties that are cumulative to any other remedies sought in this Complaint. This Claim seeks all equitable relief the court deems appropriate even if not specifically requested herein.

**COMPLAINT**

85. Plaintiffs are enforcing important rights that significantly affect the public interest within the meaning of Code of Civil Procedure section 1021.5. Therefore, Plaintiffs seek attorneys' fees and costs under section 1021.5 and any other applicable law.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray relief and judgment against Defendants as follows:

Class and Collective Certification and Notice:

1. That the Court permit this action to be maintained as a collective action under the FLSA and as a class action as to non-FLSA claims, with the named Plaintiffs appointed as collective and class representatives, and Plaintiffs' counsel appointed as collective and class counsel;

2. For prompt written notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all potential FLSA Collective members.

First Claim for Relief:

1. For compensatory damages, including all overtime pay earned during the Class Period by members of the FLSA Collective, in amounts to be determined through discovery and/or at trial;

2. For liquidated damages pursuant to 29 U.S.C. § 216(b) and any other applicable law, in amounts to be determined through discovery and/or at trial;

3. For all penalties available under any statute;

4. For prejudgment interest at the legal rate;

5. For reasonable attorneys' fees;

6. For costs of suit;

7. For all such other and further relief as the Court deems appropriate.

**COMPLAINT**

Second Claim for Relief:

1. For compensatory damages in amounts to be determined through discovery and/or at trial;

2. For one hour of pay for each Plaintiff and each Class Member for each day that a compliant meal period was not provided, pursuant to Labor Code section 226.7, subdivision (c);

3. For all penalties and liquidated damages available under any statute, including penalties available under Labor Code section 558, subdivision (a);

4. For prejudgment interest at the legal rate;

5. For reasonable attorneys' fees;

6. For costs of suit;

7. For all such other and further relief as the Court deems appropriate.

Third Claim for Relief:

1. For the greater of actual damages (as determined through discovery and/or trial) or the amounts specified in Labor Code section 226, subdivision (e);

2. For all penalties available under Labor Code sections 226 and 226.3 and any other statute;

3. For prejudgment interest at the legal rate;

4. For reasonable attorneys' fees;

5. For costs of suit;

6. For all such other and further relief as the Court deems appropriate.

Fourth Claim for Relief:

1. For compensatory damages, including all unpaid overtime pay earned during the Class Period by Class Members, in amounts to be determined through discovery and/or at trial;

2. For all penalties available under Labor Code section 210, subdivision (a) and any other statute;

**COMPLAINT**

3.  For 25% of the overtime wages withheld from Class Members pursuant to Labor Code section 210, subdivision (a)(2) and liquidated damages available under any other statute;

4.  For prejudgment interest at the legal rate;

5.  For reasonable attorneys' fees;

6.  For costs of suit;

7.  For all such other and further relief as the Court deems appropriate.

<u>Fifth Claim for Relief</u>:

1.  For compensatory damages in amounts to be determined through discovery and/or at trial;

2.  For 30 calendar days' pay for each member of the Waiting Time Subclass (or the number of days between the date payment was due and the date payment was made, if less than 30 days) under Labor Code section 203;

3.  For all penalties and liquidated damages available under any statute;

4.  For prejudgment interest at the legal rate;

5.  For reasonable attorneys' fees;

6.  For costs of suit;

7.  For all such other and further relief as the Court deems appropriate.

<u>Sixth Claim for Relief</u>:

1.  For an order finding and declaring that the acts of Defendants complained of herein constitute unlawful and/or unfair competition within the meaning of California's UCL;

2.  For an order preliminarily and permanently enjoining Defendants from engaging in the practices complained of herein;

3.  For an order requiring full restitution, with interest, of all monies withheld by Defendants by means of the unfair, fraudulent and/or unlawful practices complained of herein;

**COMPLAINT**

4. For an accounting to determine the amount to be returned by Defendants and the amounts to be restored to Class Members;

5. For prejudgment interest at the legal rate to the extent permitted by law;

6. For reasonable attorneys' fees under C.C.P. § 1021.5 and any other applicable law or theory;

7. For costs of suit;

8. For all such other and further relief as the Court deems appropriate.

Dated: June 4, 2022                     Respectfully Submitted,

                                        SOTTILE BALTAXE

                                        BREWER LAW OFFICE

                                        By:_____

                                            KATHLEEN A. BREWER
                                            Attorneys for Plaintiffs
                                            and Similarly Situated Employees

## DEMAND FOR JURY TRIAL

On behalf of themselves, the FLSA Collective and the putative class members, Plaintiffs hereby demand a jury trial as to all claims for relief that are triable to a jury.

Dated: June 4, 2022                     Respectfully Submitted,

                                        SOTTILE BALTAXE

                                        BREWER LAW OFFICE

                                        By:_____

                                            KATHLEEN A. BREWER
                                            Attorneys for Plaintiffs
                                            and Similarly Situated Employees

26

# EXHIBIT A
(Jorge Avalos)

## CONSENT TO JOIN ACTION

I hereby consent to join a lawsuit against G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, WM Resources Inc. and/or any other named Defendant (collectively Defendants) as a Plaintiff to assert claims under the Fair Labor Standards Act, and under any other applicable federal or state law,  that arose as a result of my employment with Defendants. I am or was employed by Defendants as an hourly truck driver working out of Defendants' facility in Simi Valley, California.  I authorize the attorneys representing the named plaintiffs to represent me in the lawsuit. I also authorize the named plaintiffs in the lawsuit to represent my interests and to make litigation-related decisions, including decisions relating to settlement, on my behalf.


Dated 4/07/2022

_____
SIGNATURE

Jorge Avalos
_____
PRINTED NAME

## CONSENTIMIENTO PARA UNIRSE A LA ACCION

Por la presented oy mi consentimiento para unirme a una demanda contra G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, VM Resources, Inc. y/o cualquier otro Demandado nombrado (Collectivamente con Demandados) como Demandante para hacer valer reclamos bajo la Ley de Normas Laborales Justas, y bajo cualquier otra ley federal o estatal aplicable, que surgió como resultado de mi empleo con los Demandados. Soy o fui empleado por los Demandados como conductor de camión por hora que trabaja fuera de las instalaciones de los Demandados en Simi Valley, California. Autorizo a los abogados que representan a los demandantes nombrados a representarme en la demanda. También autorizo a los demandantes nombrados en la demanda a representar mis intereses y a tomar decisiones relacionadas con el litigio, incluidas las decisiones relacionadas con el acuerdo, en mi nombre.

Fecha 4/07/2022

FIRMA

Jorge Avalos
IMPRIMIR NOMBRE

**EXHIBIT B**
(Armando Soto)

## CONSENT TO JOIN ACTION

I hereby consent to join a lawsuit against G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, WM Resources Inc. and/or any other named Defendant (collectively Defendants) as a Plaintiff to assert claims under the Fair Labor Standards Act, and under any other applicable federal or state law, that arose as a result of my employment with Defendants. I am or was employed by Defendants as an hourly truck driver working out of Defendants' facility in Simi Valley, California. I authorize the attorneys representing the named plaintiffs to represent me in the lawsuit. I also authorize the named plaintiffs in the lawsuit to represent my interests and to make litigation-related decisions, including decisions relating to settlement, on my behalf.

Dated 4/07/2022

Armando Soto
**SIGNATURE**

Armando Soto
**PRINTED NAME**

## CONSENTIMIENTO PARA UNIRSE A LA ACCION

Por la presented oy mi consentimiento para unirme a una demanda contra G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, VM Resources, Inc. y/o cualquier otro Demandado nombrado (Collectivamente con Demandados) como Demandante para hacer valer reclamos bajo la Ley de Normas Laborales Justas, y bajo cualquier otra ley federal o estatal aplicable, que surgió como resultado de mi empleo con los Demandados. Soy o fui empleado por los Demandados como conductor de camión por hora que trabaja fuera de las instalaciones de los Demandados en Simi Valley, California. Autorizo a los abogados que representan a los demandantes nombrados a representarme en la demanda. También autorizo a los demandantes nombrados en la demanda a representar mis intereses y a tomar decisiones relacionadas con el litigio, incluidas las decisiones relacionadas con el acuerdo, en mi nombre.

Fecha 4 / 07 / 2022

FIRMA

Armando Soto
IMPRIMIR NOMBRE

**EXHIBIT C**
(Jesus Orozco)

## CONSENT TO JOIN ACTION

I hereby consent to join a lawsuit against G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, WM Resources Inc. and/or any other named Defendant (collectively Defendants) as a Plaintiff to assert claims under the Fair Labor Standards Act, and under any other applicable federal or state law,  that arose as a result of my employment with Defendants. I am or was employed by Defendants as an hourly truck driver working out of Defendants' facility in Simi Valley, California.  I authorize the attorneys representing the named plaintiffs to represent me in the lawsuit. I also authorize the named plaintiffs in the lawsuit to represent my interests and to make litigation-related decisions, including decisions relating to settlement, on my behalf.

Dated _4 - 07 - 2022_

_Jesus R. Orozco_
**SIGNATURE**

_JESUS R. OROZCO_
**PRINTED NAME**

## CONSENTIMIENTO PARA UNIRSE A LA ACCION

Por la presented oy mi consentimiento para unirme a una demanda contra G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, VM Resources, Inc. y/o cualquier otro Demandado nombrado (Collectivamente con Demandados) como Demandante para hacer valer reclamos bajo la Ley de Normas Laborales Justas, y bajo cualquier otra ley federal o estatal aplicable, que surgió como resultado de mi empleo con los Demandados. Soy o fui empleado por los Demandados como conductor de camión por hora que trabaja fuera de las instalaciones de los Demandados en Simi Valley, California. Autorizo a los abogados que representan a los demandantes nombrados a representarme en la demanda. También autorizo a los demandantes nombrados en la demanda a representar mis intereses y a tomar decisiones relacionadas con el litigio, incluidas las decisiones relacionadas con el acuerdo, en mi nombre.

Fecha _4- 07- 2022_

_____
**FIRMA**

_____
**IMPRIMIR NOMBRE**

**EXHIBIT D**
(Hector Garcia)

## CONSENT TO JOIN ACTION

I hereby consent to join a lawsuit against G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, WM Resources Inc. and/or any other named Defendant (collectively Defendants) as a Plaintiff to assert claims under the Fair Labor Standards Act, and under any other applicable federal or state law, that arose as a result of my employment with Defendants. I am or was employed by Defendants as an hourly truck driver working out of Defendants' facility in Simi Valley, California. I authorize the attorneys representing the named plaintiffs to represent me in the lawsuit. I also authorize the named plaintiffs in the lawsuit to represent my interests and to make litigation-related decisions, including decisions relating to settlement, on my behalf.

Dated _N- 7 - 22_

_____
SIGNATURE

_____
PRINTED NAME

## CONSENTIMIENTO PARA UNIRSE A LA ACCION

Por la presented oy mi consentimiento para unirme a una demanda contra G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, VM Resources, Inc. y/o cualquier otro Demandado nombrado (Collectivamente con Demandados) como Demandante para hacer valer reclamos bajo la Ley de Normas Laborales Justas, y bajo cualquier otra ley federal o estatal aplicable, que surgió como resultado de mi empleo con los Demandados. Soy o fui empleado por los Demandados como conductor de camión por hora que trabaja fuera de las instalaciones de los Demandados en Simi Valley, California. Autorizo a los abogados que representan a los demandantes nombrados a representarme en la demanda. También autorizo a los demandantes nombrados en la demanda a representar mis intereses y a tomar decisiones relacionadas con el litigio, incluidas las decisiones relacionadas con el acuerdo, en mi nombre.

Fecha _N - 7 - 22_

FIRMA _Nestor Garcia_

IMPRIMIR NOMBRE _Nestor Garcia_

**EXHIBIT E**
(Gerardo Zendejas)

## CONSENT TO JOIN ACTION

I hereby consent to join a lawsuit against G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, WM Resources Inc. and/or any other named Defendant (collectively Defendants) as a Plaintiff to assert claims under the Fair Labor Standards Act, and under any other applicable federal or state law,  that arose as a result of my employment with Defendants. I am or was employed by Defendants as an hourly truck driver working out of Defendants' facility in Simi Valley, California.  I authorize the attorneys representing the named plaintiffs to represent me in the lawsuit. I also authorize the named plaintiffs in the lawsuit to represent my interests and to make litigation-related decisions, including decisions relating to settlement, on my behalf.


Dated  _4-7-2022_

_____
SIGNATURE

_Gerardo Zandejas_
PRINTED NAME

## CONSENTIMIENTO PARA UNIRSE A LA ACCION

Por la presented oy mi consentimiento para unirme a una demanda contra G.I. Industries, Waste Management, Inc., Waste Management Holdings, Inc., Western Waste Industries, VM Resources, Inc. y/o cualquier otro Demandado nombrado (Collectivamente con Demandados) como Demandante para hacer valer reclamos bajo la Ley de Normas Laborales Justas, y bajo cualquier otra ley federal o estatal aplicable, que surgió como resultado de mi empleo con los Demandados. Soy o fui empleado por los Demandados como conductor de camión por hora que trabaja fuera de las instalaciones de los Demandados en Simi Valley, California. Autorizo a los abogados que representan a los demandantes nombrados a representarme en la demanda. También autorizo a los demandantes nombrados en la demanda a representar mis intereses y a tomar decisiones relacionadas con el litigio, incluidas las decisiones relacionadas con el acuerdo, en mi nombre.

Fecha  4-7-2022

FIRMA

Gerardo Zendejas

IMPRIMIR NOMBRE