# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| JORGE AVALOS, ARMANDO SOTO, JESUS OROZCO, HECTOR GARCIA, GERARDO ZENDEJAS, JAIME GARCIA,<br><br>    Plaintiffs,<br><br>    v.<br><br>G.I. INDUSTRIES, dba WASTE MANAGEMENT, a corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-03842-MAA<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, CERTIFYING CLASS AND FLSA COLLECTIVE FOR SETTLEMENT PURPOSES AND ENTERING JUDGMENT |

Plaintiffs' unopposed Motion for Final Approval of Settlement came before the Court for hearing on July 21, 2025. The Court has reviewed and considered the papers filed in support of the motion, including the Memorandum of Points and Authorities,

1

the Declarations of Plaintiffs and the Declarations of Counsel, with exhibits, and the arguments presented by counsel at the hearing. Based on the foregoing, the Court finds that the proposed settlement is fair, reasonable and adequate, and that GOOD CAUSE appears for granting the Motion and certifying the FLSA Collective and the Rule 23 Class for settlement purposes.

This Order incorporates by reference the definitions contained in Paragraph 2 of the Settlement Agreement as though fully set forth herein, and those terms used in this Order shall have the same meaning as ascribed by the Settlement Agreement.

GOOD CAUSE having been shown, the Court **GRANTS** the Motion and **ORDERS** as follows:

1. The Court approves the Settlement Agreement and all its terms as being fair, reasonable and adequate.

2. The Court approves the PAGA settlement and award in the amount of $15,000, to be distributed pursuant to the terms of the Settlement Agreement.

3. For purposes of settlement only, the Court GRANTS class certification under Rule 23 on behalf of the following individuals: All individuals employed by G.I. Industries at its facility in Simi Valley, California as non-exempt drivers from June 4, 2018, through March 7, 2024.

4. For purposes of settlement only, the Court GRANTS certification of the FLSA Collective defined as: All individuals employed by G.I. Industries at its facility in Simi Valley, California as non-exempt drivers from June 4, 2019, through March 7, 2024.

5. Timothy B. Sottile and Michael F. Baltaxe of Sottile Baltaxe and Kathleen A. Brewer of Brewer Law Office are appointed to continue as Class Counsel. Class Counsel are authorized to act on behalf of the Rule 23 Class, the FLSA Collective and the PAGA Group.

6. Plaintiffs, Jorge Avalos, Armando Soto, Jesus Orozco, Hector Garcia, Gerardo Zendejas and Jaime Garcia, are appointed to continue as Class Representatives.

7. ILYM Group, Inc. is appointed to continue as the Settlement Administrator and to act in accordance with the terms of the Settlement Agreement. The Court approves the payment of settlement administration fees in the amount of $10,500 to ILYM Group.

8. Service Awards to the Class Representatives are approved as follows:

    Jorge Avalos  - $10,000

    Armando Soto - $6,500

    Jaime Garcia  - $7,500

    Jesus Orozco  - $5,500

        Gerardo Zendejas - $9,000

        Hector Garcia - $10,000

9. The methods for calculating and distributing funds from the Gross Settlement Amount, as set forth in the Settlement Agreement and the Motion for Final Approval, are approved.

10. The Settlement Administrator is authorized to, within five (5) business days after the Effective Date as defined in the Settlement Agreement, notify Defendant of the total amount to be funded, including the Gross Settlement Amount and the Employer Taxes.

11. Within ten (10) business days after receiving the information described in the preceding paragraph, Defendant shall transmit the Gross Settlement Amount together with the $10,000 mediation fee described in Paragraph 7 Settlement Agreement and the amount representing the Employer Taxes, to the Settlement Administrator.

12. The Settlement Administrator is authorized to deposit the Gross Settlement Amount, the $10,000 mediation fee, and the amount representing the Employer Taxes into a Qualified Settlement Account and to make distributions therefrom in accordance with paragraphs 33 and 34 of the Settlement Agreement and to complete all other tasks required by Settlement Agreement. The amounts

distributed to Class Counsel for attorney fees and litigation costs shall be the amounts approved on Plaintiffs' Motion for Attorney Fees and Costs.

13. The terms of the Settlement Agreement and this Judgment shall be binding on the named Parties and on all members of the certified Class and the certified FLSA Collective and on the State of California and the Labor and Workforce Development Agency as to the PAGA settlement.

14. If the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, this Order and Judgment and all orders entered in connection herewith shall be vacated and shall have no further force or effect.

15. The Court **HEREBY ENTERS JUDGMENT** in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of the Settlement and this Order. This Order constitutes a final judgment for purposes of Federal Rule of Civil Procedure 58.

16. The Court shall retain jurisdiction over this action and the Parties, including the Class and the FLSA Collective, for purposes of enforcing the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: __07/23/2025__                    _____
                                                            Hon. Maria A. Audero
                                                            U.S. Magistrate Judge